Ronald L. Davison (266481971)
Starr, Gern, Davison & Rubin, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
Tel: 973-403-9200 Ext. 226
Fax: 973-226-0031
Email: rdavison@starrgern.com

Jacob Sommer (*pro hac vice* forthcoming)
ZwillGen PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Tel: 202-706-5205
Email: Jake@zwillgen.com

*Attorneys for Defendant Lighthouse List Company, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as an assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer*, PATRICK COLLIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>LIGHTHOUSE LIST COMPANY, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL** |

### D.N.J. LOCAL RULE 10.1 STATEMENT

Plaintiffs are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, and Patrick Colligan. Atlas Data Privacy Corporation is located at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302. The remaining Plaintiffs' addresses are unknown to defendant

Lighthouse List Company, LLC. Plaintiffs are represented by Rajiv D. Parikh, Esq., Kathleen Barnett Einhorn, Esq., and Jessica A. Merejo, Esq. of PEM LAW LLP, 1 Boland Drive, Suite 101, West Orange, NJ 07052, and John A. Yanchunis, Esq. and Ryan J. McGee, Esq. of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

The defendant is Lighthouse List Company, LLC ("Lighthouse List"). It is located at 27 Southeast 24th Avenue, Suite 6, Pompano Beach, FL 33062. Lighthouse List is represented by Ronald L. Davison of Starr, Gern, Davison & Rubin, P.C., and Jacob Sommer of ZwillGen PLLC.

**TO THE CLERK OF THE ABOVE-TITLED COURT, PLAINTIFFS, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Lighthouse List, through undersigned counsel, hereby files this Notice of Removal to remove the above-captioned action—reserving all defenses and rights—from the Superior Court of New Jersey, Middlesex County, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

**PROCEDURAL BACKGROUND**

1. On February 23, 2024, Plaintiffs Patrick Colligan, Jane Doe-1, and Jane Doe-2 ("Individual Plaintiffs") filed a complaint ("Complaint") against Stirista, LLC ("Stirista") in the Superior Court of New Jersey, Middlesex County asserting violations under Daniel's Law, P.L. 2023, c. 113, N.J.S.A. 56:8-166.1 ("Daniel's Law"). Atlas Data Privacy Corporation ("Atlas" and, collectively with the Individual Plaintiffs, "Plaintiffs") is also a plaintiff, allegedly as the assignee of claims of thousands of individuals who are allegedly covered persons under Daniel's Law ("Unidentified Covered Persons"). *See Atlas Data Privacy Corp. v. Stirista, LLC*, MID-L-1221-24, Compl. ¶ 19 (Trans. ID LCV2024481021). On November 11, 2024, Plaintiffs amended the

1

Complaint by dropping Stirista as a defendant and adding Lighthouse List as a defendant instead. *See* **Exhibit A**, First Amended Complaint.

2. On November 27, 2024, Lighthouse List and Plaintiffs submitted a joint letter to the state court advising that Lighthouse List waives service of the First Amended Complaint and consents to Plaintiffs' filing of that complaint. *See* **Exhibit B**, Joint Letter to State Court at 1. The parties also noted that Plaintiffs expected to correct the First Amended Complaint and file a second amended complaint. *See id.* Lighthouse List noted that it expected to waive service of and consent to the filing of the second amended complaint. *See id.* Because Lighthouse List, at the time, intended to move to dismiss the second amended complaint, the parties requested that the state court order an agreed-upon briefing schedule on Lighthouse List's anticipated motion to dismiss. *See id.* at 2.

3. On December 17, 2024, Plaintiffs filed a second amended complaint against Lighthouse List. *See* **Exhibit C**, Second Amended Complaint ("SAC").

4. As of the date of this filing, Lighthouse List has not received from Plaintiffs' counsel (or executed or returned) acknowledgment of service forms as to the First Amended Complaint or Second Amended Complaint.

## LEGAL STANDARD

5. Diversity jurisdiction exists when the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

6. A notice of removal requires only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that jurisdiction exists. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020). The notice "need not contain

evidentiary submissions," *Dart Cherokee*, 574 U.S. at 84, and the Court "should accept a removing defendant's allegations" unless contested by the plaintiff or questioned by the Court. *Farrell*, 478 F. Supp. 3d at 540 (citing *Dart Cherokee*, 574 U.S. at 87).

## THIS COURT HAS DIVERSITY JURISDICTION

7. Removal is proper because diversity jurisdiction exists and because all other requirements for removal have been satisfied. Diversity jurisdiction exists under 28 U.S.C. § 1332(a) because: (i) there is complete diversity of citizenship between Lighthouse List and Plaintiffs and (ii) the amount in controversy exceeds $75,000.

### Diversity of Citizenship

8. This action satisfies the complete diversity requirement. *See* 28 U.S.C. § 1332(a)(1); *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104-05 (3d Cir. 2015).

9. **Lighthouse List's Citizenship.** Lighthouse List is, and at the time of the commencement of this action was, a limited liability company formed under the laws of Florida with its principal place of business in Florida. The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Lighthouse List has three members, each of which is also a limited liability company formed under the laws of Florida and each of whose sole member is a natural person domiciled in Florida. *See* **Exhibit D**, Declaration of Mark Traverso ¶ 5. Lighthouse List is thus a citizen of Florida for purposes of diversity jurisdiction.[1]

---

[1] Plaintiffs also named fictitious individuals and companies as defendants. But "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). *See also, e.g., Dozier v. E. Mfg. Corp.*, 2020 WL 3068191, at *1 (D.N.J. June 8, 2020).

3

10. **Citizenship of the Individual Plaintiffs.** The Individual Plaintiffs are each current or former New Jersey law enforcement officers and are alleged to be living or working in New Jersey currently. *See* SAC ¶¶ 18-20, 41. Plaintiffs Jane Doe-1, Jane Doe-2, and Patrick Colligan are all police officers in New Jersey. SAC ¶¶ 18-20.[2] Plaintiff Patrick Colligan is a "32-year veteran" of the Somerset, New Jersey Police Department and served as the President of the New Jersey State Policemen's Benevolent Association between June 2014 to April 2024. *Id.* ¶ 20.

11. In New Jersey, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position." N.J.S.A. 40A:14-122.8.[3] Based on that requirement, and the SAC's other allegations, there is no reason to believe that each Individual Plaintiff is not a citizen of New Jersey.

12. **Atlas's Citizenship.** Atlas alleges it is a Delaware corporation with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302. SAC ¶ 21. The Complaint does not disclose any other location in which Atlas maintains an office. *See generally* SAC. Thus, Atlas has alleged it is a citizen of Delaware and New Jersey.

### The Alleged Amount in Controversy Exceeds $75,000

13. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

---

[2] Defendant notes these allegations for purposes of federal jurisdiction but does not concede their ultimate truth.

[3] The statute does not define residency, but another New Jersey statute, N.J.S.A. 52:14-7(a), which requires other state officers (some of whom are covered by Daniel's Law) to have a principal residence in New Jersey, defines "principal residence" as "the state (1) where the person spends the majority of the person's nonworking time, and (2) which is most clearly the center of the person's domestic life, and (3) which is designated as the person's legal address and legal residence for voting." *Id.*

14. Only one plaintiff must have claims exceeding $75,000 for this Court to exercise diversity jurisdiction; supplemental jurisdiction exists under 28 U.S.C. § 1367 over other plaintiffs' claims. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *see also Burgess v. Bennet*, 2021 WL 1050313, at *5 n.9 (D.N.J. Mar. 19, 2021) (exercising jurisdiction over all plaintiffs' claims when one plaintiff met the jurisdictional threshold).

15. The analysis begins with the SAC's allegations. When the complaint does not specifically state the amount in controversy, "the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84; *see also Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013). No evidentiary submissions are necessary to establish the amount in controversy. *Dart Cherokee*, 574 U.S. at 84; *see also Yucis v. Sears Outlet Stores, LLC*, 813 F. App'x 780, 782 n.2 (3d Cir. 2020) (when "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only plausibly allege the amount in controversy" (cleaned up)).

16. Plaintiffs' SAC seeks actual or liquidated damages of at least $1,000 "for each violation" of Daniel's Law, punitive damages, temporary and permanent injunctive relief, and attorneys' fees—all based on Lighthouse List's alleged failure to fulfill the suppression requests as required by Daniel's Law. SAC, Prayer for Relief. Although these allegations are meritless, and Lighthouse List denies any liability, for purposes of this Notice of Removal, taking Plaintiffs' allegations as true and correct, the "possible" amount in controversy readily exceeds $75,000.

17. Atlas purports to assert claims on behalf of 19,104 covered persons under Daniel's Law, each of whom—along with the three Individual Plaintiffs—claims at least $1,000 "for each violation" of the statute. *See* SAC ¶ 22, Prayer for Relief. Assuming even a single "violation" per individual, Plaintiffs seek damages in the amount of at least $19,104,000.

18. The SAC also seeks punitive damages for "willful noncompliance" with the law. *See* SAC, Prayer for Relief. Each Individual Plaintiff seeks such damages, and presumably Atlas seeks them separately for each of the Unidentified Covered Persons. Although Lighthouse List denies that Plaintiffs are entitled to such damages, punitive damages claims made in good faith "will generally [alone] satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008); *see also Ifill v. CVS Pharmacy,* 2021 WL 486884, at *2, n.3 (D.N.J. Feb. 9, 2021) (denying motion to remand on grounds that the plaintiff's request for punitive damages satisfied the amount in controversy requirement, because, even assuming a single-digit multiplier, a plaintiff would only need to recover compensatory damages above $7,500 to bring the total amount above $75,000 and, in any event, "[i]t is possible that a jury could also reasonably award a higher multiplier"). This is especially true in New Jersey, where any plaintiff seeking punitive damages is entitled to request up to "five times the liability of th[e] defendant for compensatory damages *or $350,000, whichever is greater*." N.J.S.A. 2A:15-5.14b (emphasis added). Accordingly, the mere fact that the Individual Plaintiffs are seeking punitive damages presumptively satisfies the $75,000 jurisdictional amount for each Individual Plaintiff. *See, e.g., Valenta v. BI Inc.,* 2021 WL 7185785, at *5 (W.D. Pa. Oct. 8, 2021) ("Because Plaintiff's request for punitive damages is appropriately made, this is generally sufficient to satisfy the amount in controversy."), *R&R adopted,* 2022 WL 580930 (W.D. Pa. Feb. 25, 2022).

19. The SAC also seeks "reasonable attorneys' fees." SAC, Prayer for Relief. The Third Circuit has held that Courts "must consider potential attorneys' fees" in determining the amount in controversy if the cause of action, like Daniel's Law, provides for their recovery. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *see also Venuto v. Atlantis Motor Grp., LLC,*

6

2017 WL 4570283, at *3 (D.N.J. Oct. 13, 2017) ("reasonable attorneys' fees . . . must be counted" for "purposes of calculating the amount in controversy"). Generally, in the Third Circuit, attorneys' fees are calculated as 30 percent of the compensatory and/or punitive damages. *See, e.g., Ciccone v. Progressive Specialty Ins. Co.*, 2020 WL 7319777, at *4 (M.D. Pa. Dec. 11, 2020) (including attorneys' fees of 30 percent); *Rodriguez v. Burlington Cnty. Corr. Dep't*, 2015 WL 790521, at *2 (D.N.J. Feb. 25, 2015) (same). As such, the request for attorney's fees increases the amount in controversy for purposes of this removal analysis.

20.     In sum, even omitting Plaintiffs' alleged potential actual damages, Plaintiffs' demand for $1,000 in liquidated damages per violation, punitive damages, and attorneys' fees, combined with the potential costs of injunctive relief places the amount in controversy well over $75,000.

## ALL PROCEDURAL REQUIREMENTS ARE SATSIFIED

21.     **Removal is timely.** Lighthouse List has not formally waived service of either the First Amended Complaint or Second Amended Complaint, so the 30-day period for removal has not even begun, necessarily rendering this removal timely. *See Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service.") (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)); *Lee v. Cent. Parking Corp.*, 2015 WL 4510128, at *10 (D.N.J. July 24, 2015) ("[S]ervice under [New Jersey] Rule 4:4–4(c) was not waived until defense counsel signed the Acknowledgement of Service forms. That is the point at which the waiver was clear and documented for purposes of determining the completion of service or waiver thereof.").

22. Alternatively, even if this Court determines that Lighthouse List waived service of the First Amended Complaint through the parties' November 27, 2024 correspondence to the state court (*see* **Exhibit B**), Lighthouse List has removed within 30 days from that date, rendering its removal timely under 28 U.S.C. § 1446(b)(1).

23. **Removal is to the proper court**. Because Plaintiffs' First Amended Complaint and Second Amended Complaint were filed in the Superior Court of New Jersey, Middlesex County, this district is the proper venue for this action upon removal, as it encompasses the location where the action is pending in state court. *See* 28 U.S.C. § 1441(a).

24. **Rule 11.** This Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

25. **All pleadings and process are attached.** Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all documents filed on the state court docket as to Lighthouse List are attached as **Exhibits A-C**. *See Niblack v. Pettway*, 2014 WL 4953247, at *6 (D.N.J. Oct. 1, 2014) (holding that, under 28 U.S.C. 1446(a), defendants newly added to a litigation by virtue of an amended complaint need only include with their notice of removal all process, pleadings, and orders served upon *those* defendants).

26. **Notice is being provided forthwith.** Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, the undersigned will promptly give written notice of such filing to Plaintiffs through their counsel of record and file a true and correct copy of this Notice of Removal and all documents attached with the Clerk of the Superior Court of New Jersey, Middlesex County.

**WHEREFORE**, Lighthouse List removes the above-captioned action from the Superior Court, Middlesex County and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

/s/ *Ronald L. Davison*
Ronald L. Davison

Ronald L. Davison
Starr, Gern, Davison & Rubin, P.C.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068-1640
Tel: 973-403-9200 Ext. 226
Fax: 973-226-0031
Email: rdavison@starrgern.com

Jacob Sommer (*pro hac vice* forthcoming)
ZwillGen PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Tel: 202-706-5205
Jake@zwillgen.com

Dated: December 23, 2024

9

## **LOCAL CIVIL RULE 11.2 STATEMENT**

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendant, Lighthouse List Company, LLC, certifies that the matter in controversy between Plaintiffs and Lighthouse List is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except the state-court action removed by this Notice: Case No. MID L-001221-24 in the Superior Court of New Jersey, Law Division, Middlesex County.

That said, this lawsuit relates to the dozens of other Daniel's Law cases brought by Atlas that are before this Court, with the Honorable Judge Harvey Bartle, III presiding by designation. *See, e.g.*, *Atlas Data Privacy Corp. v. DarkOwl, LLC*, No. 1:24-cv-10600-HB, Dkt. No. 6 (D.N.J. Nov. 20, 2024) (assigning removed case to Judge Bartle); *id.* at Dkt. No. 18 (December 12, 2024 order staying cases pending further order of the Court, with caption listing Daniel's Law cases pending before this Court); *see also Atlas Data Privacy Corp. v. Lightbox Parent, L.P.*, No. 1:24-cv-04105-HB Dkt. Nos. 27, 28, 48, 49, 54, 68, 69 (D.N.J.) (briefing on consolidated motion to dismiss challenging facial constitutionality of Daniel's Law). Lighthouse List Company, LLC respectfully requests that, pursuant to Local Rule 40.1, this case also be assigned to Judge Bartle.

Dated: December 23, 2024  /s/ *Ronald L. Davison*
Ronald L. Davison

*Attorney for Lighthouse List Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the below listed attorneys of record by operation of the Court's electronic filing system, and via e-mail. The parties may access this filing through the Court's system.

**PEM LAW LLP**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
Jessica A. Merejo (288592020)
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

**MORGAN & MORGAN**
John A. Yanchunis
Ryan J. McGee
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

/s/ *Ronald L. Davison*
Ronald L. Davison